UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN D. BRIGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:05-CV-1358-G |
| DART REGIONAL RAIL RIGHT OF ) | |
| WAY COMPANY, ) | **ECF** |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of defendant, Dallas Area Rapid Transit (improperly sued as DART Regional Rail Right of Way Company) ("DART" or "the defendant"), to dismiss the plaintiff's claims against it.[1]  The plaintiff, John D. Briggs

---

[1] The plaintiff's original complaint names "DART Regional Rail Right of Way Company" as the defendant in this case.  Plaintiff's Original Complaint at 1.  The plaintiff, however, attached a right-to-sue letter to his original complaint that states "You are further notified that you have the right to institute a civil action . . . against the above-named respondent."  Plaintiff's Original Complaint at 2.  In this right-to-sue letter, the "above-named respondent" is Dallas Area Rapid Transit.  Therefore, this court construes the plaintiff's original complaint as being against Dallas Area Rapid Transit.  *See* discussion *infra* part II.A.

("Briggs" or "the plaintiff"), failed to respond to the motion, and for the reasons discussed below, the defendant's motion is granted.

I. BACKGROUND

On July 8, 2005, the plaintiff initiated this action against DART, complaining that DART discriminated against him, based on his race, in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff's Original Complaint at 1. The plaintiff is seeking to be reinstated to his former position and further requests damages in the amount of $300,000. *Id.*

On August 16, 2005, DART filed its original answer. Defendant's Original Answer and Jury Demand Subject to Motion to Dismiss ("Defendant's Answer"). On that same day, DART filed this motion to dismiss pursuant to Rule 12(b)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant's Motion to Dismiss and Brief in Support Thereof ("Motion to Dismiss").

II. ANALYSIS

A. The Proper Defendant in This Case Is DART

As an initial matter, the plaintiff's original complaint names "DART Regional Rail Right of Way Company" as the defendant in this case. Plaintiff's Original Complaint at 1. The plaintiff, however, attached a right-to-sue letter to his original complaint that states "You are further notified that you have the right to institute a civil action . . . against the above-named respondent." Plaintiff's Original Complaint

at 2.  In that right-to-sue letter, the "above-named respondent" is Dallas Area Rapid Transit.  Plaintiff's Original Complaint at 2.  To the extent the plaintiff's original complaint names DART Regional Rail Right of Way Company as the defendant in this case, plaintiff's claims are dismissed for failure to exhaust administrative remedies.  See *Woods v. City of Galveston*, 5 F. Supp. 2d 494, 501 (S.D. Tex. 1998) (dismissing claims against the defendant because the plaintiff's Equal Employment Opportunity Commission ("EEOC") charge of discrimination failed to mention the defendant and the EEOC notice of right to sue made clear that the plaintiff only received administrative review of his allegations against a legal entity separate from the defendant being dismissed).

Briggs' error in naming the wrong entity as defendant in this case is curable.  *See* FED. R. CIV. P. 15(c); *Barkins v. International Inns, Incorporated*, 825 F.2d 905 (5th Cir. 1987) (allowing race discrimination claimant who mistakenly filed suit against the wrong corporate entity to amend his complaint, and finding that the complaint will relate back to the date of the original complaint, so as to meet the requirement that suit be brought within 90 days of receiving a right-to-sue letter).  This court will construe plaintiff's complaint as being against DART because (1) Briggs' error is curable, (2) the right-to-sue letter names DART, and (3) DART has responded to this complaint acknowledging that it was improperly sued as DART Regional Right of

Way Company. *See* Plaintiff's Original Complaint at 2; Motion to Dismiss at 1. Accordingly, the rest of this opinion treats the defendant in this case as DART.

### B. Motion to Dismiss for Failure to State a Claim

DART requests dismissal, pursuant to Rule 12(b)(6), because the plaintiff's claims exceed the scope of allegations made in his EEOC charge, and therefore, the plaintiff has failed exhaust his administrative remedies as required by law.

#### 1. *Rule 12(b)(6) - The Legal Standard*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted. First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant could prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing 5B WRIGHT & MILLER § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. See *Capital Parks, Inc. v. Southeastern Advertising*

*and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In addition, a court must not look beyond the pleadings when determining whether a complaint states a claim upon which relief may be granted. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th Cir. 1982), *cert. denied*, 464 U.S. 932 (1983).

In applying this standard, it must be noted that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Jackson v. Procunier*, 789 F.2d 307, 311 (5th Cir. 1986). But see *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (noting that although *pro se* pleadings are construed liberally, all litigants must abide by rules of procedure).

### 2. *DART's Grounds for 12(b)(6) Dismissal*

DART requests dismissal under Rule 12(b)(6) because the plaintiff's claims exceed the scope of allegations made in his EEOC charge. Specifically, the notice of right to sue letter that Briggs attached to his original complaint is for EEOC Charge

No. 310-2001-01948.  Plaintiff's Original Complaint at 2.  This EEOC charge claims that Briggs was subject to discrimination based on retaliation, but it does not claim discrimination based on race.  Motion to Dismiss at Exhibit 2.  DART attached a copy of Briggs' EEOC charge to its motion,[2] and the charge shows that the only box checked was for retaliation.  *Id.*  The box for race discrimination was not checked.  *Id.*  Moreover, the discrimination statement on the charge of discrimination states:  "I believe that I have been discharged in retaliation for having filed previous charges of discrimination against the Respondent in violation of 704 (a) of Title VII of the Civil Rights Act of 1964, as amended."  DART argues that Briggs has not exhausted his administrative remedies because he did not file a charge of race discrimination with the EEOC.  DART asserts that Briggs has not received an adequate notice of right to sue, and therefore, should not survive this motion to dismiss.  This court agrees.

Although Title VII affords a private right of action to an individual aggrieved by unlawful discrimination in the workplace, an employee -- to preserve his statutory rights -- must file a charge of discrimination with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred."  42 U.S.C.

---

[2]     Documents attached by the defendant to a Rule 12(b)(6) motion are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  The EEOC charge attached to the defendant's Rule 12(b)(6) motion will be considered part of the pleadings because Briggs attached the notice of right to sue letter to his complaint and it references Briggs' EEOC charge.  See *Risk v. Ford Motor Co.*, 48 F. Supp. 2d 1135, 1137 (S.D. Ind. 1999) (EEOC charge attached to a motion to dismiss is considered part of the pleadings).

§ 2000e-5(e)(1). "Timely filing is a prerequisite to the maintenance of a Title VII action and the failure to file within the statutory period will ordinarily operate as a bar to suit." *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 532 (5th Cir. 1986) (citing *Alexander v. Gardner-Denver Company*, 415 U.S. 36, 47 (1974), and *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 555 n.4 (1977)). Filing a charge with the EEOC is a condition precedent to seeking judicial relief. See *Oatis v. Crown Zellerbach Corporation*, 398 F.2d 496, 497-98 (5th Cir. 1968). Once the EEOC issues a notice of right to sue, the plaintiff has 90 days from receipt to file suit or his claim is barred. 42 U.S.C. § 2000e-5(f)(1); *Price v. Digital Equipment Corporation*, 846 F.2d 1026, 1027 (5th Cir. 1994). The scope of a Title VII lawsuit is limited to the allegations made in the EEOC charge and what could reasonably be expected to grow out of the EEOC charge. *Fine v. GAF Chemical Corporation*, 995 F.2d 576, 577-78 (5th Cir. 1993).

Briggs has not exhausted the administrative remedies available for his race discrimination claim. Briggs' charge of discrimination, as presented to the EEOC on June 4, 2001, alleged retaliation as the only basis of discrimination. Motion to Dismiss at Exhibit 2. The charge made no mention of race discrimination, nor did it provide any factual allegations that would reasonably lead the EEOC to investigate a claim of race discrimination. *Id.* Briggs' race discrimination claim, therefore, could not "reasonably be expected to grow out of" the retaliation claim alleged in his EEOC charge. See *Thomas v. Texas Department of Criminal Justice*, 220 F.3d 389, 395 (5th

Cir. 2000). Rather, it is simply a separate and distinct basis of recovery. See *Randel v. United States Department of Navy*, 157 F.3d 392, 395 (5th Cir. 1998) (finding plaintiff's race discrimination claim was separate and distinct from his reprisal claim when the plaintiff's EEOC charge of reprisal made no mention of race discrimination). Consequently, Briggs must independently exhaust his administrative remedies on this race discrimination claim before pursuing it in this court. See *Fine*, 995 F.2d at 578; *Randel*, 157 F.3d at 395. Accordingly, Briggs' claim is dismissed for failure to exhaust administrative remedies.

### C. Motion to Dismiss for Improper Service of Process

DART also argues, under FED. R. CIV. P. 12(b)(2), that the court should dismiss this case for lack of personal jurisdiction. DART asserts that the plaintiff has failed to serve DART with a Summons as required by the Federal Rules of Civil Procedure and therefore the court does not have personal jurisdiction over DART. DART requests dismissal under Rule 12(b)(2), arguing that the attempted service failed because (1) the person to whom the summons was sent does not have authority to receive process for DART, (2) the plaintiff himself made the attempted service, and (3) the summons was sent by certified mail.[3] Motion to Dismiss at 1, 2-3. These grounds for dismissal are curable. See *Jackson v. Atrium Companies*, No. 3:04-CV-

---

[3] Although the defendant asserts its motion under Rule 12(b)(2), it appears from the defendant's arguments that Rule 12(b)(5) is the more appropriate rule applicable to this ground.

0679-G, 2004 WL 1773699 (N.D. Tex. August 9, 2004) (ordering a *pro se* plaintiff to cure his insufficient service of process when that plaintiff did not serve the defendant's authorized agent, the plaintiff himself served the defendant, and the plaintiff served the defendant via certified mail). In light of the court's decision to dismiss this case for failure to state a claim, however, it is unnecessary to address this ground.

### III.  CONCLUSION

For the reasons discussed above, the defendant's motion to dismiss plaintiff's original complaint is **GRANTED**. Judgment will be entered dismissing this case for failure to state a claim.

**SO ORDERED**.

November 23, 2005.

_____
A. JOE FISH
CHIEF JUDGE